Dr. Hervey C. MERRILL and Leising Merrill, Plaintiffs-Appellees,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant-Appellant.

No. 14679.

United States Court of Appeals Sixth Circuit.

June 7, 1962.

Robert E. Plunkett, Ward, Plunkett & Cooney, Detroit, Mich., on the brief.

Peterson, Lowry, Rall, Barter & Ross, Chicago, Ill., for appellant.

James E. Cartwright, Cartwright, Walker & Stenglein, Saginaw, Mich., on the brief.

Baker, McKenzie & Hightower, Chicago, Ill., for appellee.

Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.

McALLISTER, Circuit Judge.

Appellee, Hervey C. Merrill, on April 6, 1958, at the Flint, Michigan, airport, secured a life insurance policy on the life of his son, Ray Merrill, from a vending machine owned by the Fidelity and Casualty Company of New York. The policy was in the amount of $31,250.00 and was payable to appellees in the case the son should meet his death during the specified flight. The son was killed in the crash of the airplane; the insurance company refused payment; and after suit in the district court, appellees were awarded a judgment in the amount of the face value of the policy and interest, from which the insurance company appeals.

Appellant insurance company contends that it did not accept the risk and that, therefore, it is not liable to appellees on any contract of insurance.

It appears that the method of selling insurance in this case, by means of the vending machine, was as follows: On the table part of the machine was the blank application that was required to be filled out in applying for the insurance. For each 25-cent coin or quarter, deposited in a slot, the applicant could secure $6,250.00 of life insurance. Appellee Hervey C. Merrill inserted five quarters in the slot, for an aggregate of $31,250.00 of life insurance. He filled out the application, naming himself and his wife as beneficiaries, and wrote in the name of his son, as applicant. The application form, however, clearly advised appellee that the "personal signature of the applicant" was required. Immediately under the application form, the instructions on the machine, in large letters, stated that the "Individual making flight must personally sign." A blank copy of the complete policy offered by the insurance company was attached to the side of the vending machine for any interested person to examine. Ray Merrill, the son of appellees, was the individual making the flight; his name had been written on the application as the applicant, but it is admitted that he did not sign the application or write anything on it. Instead of the "personal signature of applicant" on the application, the name of the son was signed by the father. When the application had been filled out, the coins deposited, and the button pressed, the policy was ejected from the machine, and appellee, Hervey C. Merrill, put it in his pocket.

Appellees' case was supported by evidence that the son had asked the father to sign the application and contract of insurance on his behalf. The district court held that it was for the jury to determine whether the condition in the policy requiring it to be personally signed by the applicant was reasonable, and whether the father was authorized by the son to sign the application on his behalf. The court held that if the condition of the contract requiring personal signature by the applicant was found to be unreasonable, and if the father had been authorized by his son to sign the application, appellees would be entitled to recover.

We must apply the provisions of insurance contracts as the parties have written them. In the instant case, the contract of insurance provided that it would not be binding upon the company unless it was personally signed by the applicant. Appellee Hervey C. Merrill, who signed his son's name as applicant, knew that this was a condition of the contract. We assume that the father was fully authorized by the son to sign the latter's name as applicant. However, when an insurance contract explicitly provides that it must be *personally* signed by the applicant, and that it will not be binding upon the insurer unless it is so signed,

the signature of the applicant's name by another, acting as his agent, results in no contract binding upon the insurer. Here, it is to be said that the condition requiring the personal signature of an applicant appears to be a reasonable condition; but, since the condition is clear and unambiguous, leaving no doubt and creating no uncertainty which needs construction, it is unnecessary to pass upon the question whether it is reasonable or unreasonable, as the parties are bound by the clearly expressed and clearly understood conditions of their contract and, in such case, no factual question remains for the determination of a jury. Where an insurance policy uses plain language which is clearly understood by the parties, it can only be enforced as it is written.

In accordance with the foregoing, it is our determination that the judgment be reversed and the complaint dismissed.